

# The Attorney General of Texas

December 27, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-114

Re: Whether a district clerk can add statements to warrants and citations issued by his office.

Dear Mr. Resweber:

You have asked whether the district clerk may have the following statement printed on warrants and citations issued from his office:

> This warrant/citation has legal consequences for you. If you wish to hire a lawyer to represent you in the above matter, but do not know a lawyer in private practice, you may contact Houston Lawyers Referral Service at 251-xxxx.

Houston Lawyer Referral Service is a nonprofit corporation governed by the Houston Bar Association. Membership is limited to those attorneys who maintain liability insurance of $100,000 or more. The membership fee is $50 for members of the Houston Bar Association and $75 for nonmembers. There are approximately 400 members of the service; Harris County has approximately 8,550 licensed attorneys.

The requisites of a citation are set out in Rule 101 of the Texas Rule of Civil Procedure.

> Rule 101. Requisites
>
> The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear by filing a written answer to the plaintiff's petition at or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service thereof, stating the place of holding the court. It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be

accompanied by a copy of plaintiff's petition. The citation shall further direct that if it is not served within 90 days after the date of its issuance, it shall be returned unserved. The party filing any pleading upon which citation is to be had shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when the copies are so furnished the clerk shall make no charge therefor. . . .

Article 15.02, Code of Criminal Procedure, provides the requisites of a warrant.

Art. 15.02. Requisites of warrant

It issues in the name of 'The State of Texas', and shall be sufficient, without regard to form, if it have these substantial requisites:

1. It must specify the name of the person whose arrest is ordered, if it be known, if unknown, then some reasonably definite description must be given of him.

2. It must state that the person is accused of some offense against the laws of the State, naming the offense.

3. It must be signed by the magistrate, and his office be named in the body of the warrant, or in connection with his signature.

We do not need to reach the question of whether the above provisions permit or prohibit additional information on warrants and citations because under the facts presented the practice is prohibited by article III, section 52 of the Texas Constitution which forbids any county from granting anything of value to any corporation or association whatsoever. Instructing the recipients of all citations and warrants issued by the district clerk that they may contact an association representing less than 5% of the attorneys of the county grants an obvious, direct and valuable service to the members of that association — potential fee paying clients. The practice is prohibited by the constitution. T. & N.O.R. Co. v. Galveston County, 161 S.W.2d 530 (Tex. Civ. App. — Galveston 1942), aff'd, 169 S.W.2d 713 (Tex. 1943). Attorney General Opinions H-1189 (1978) (county funds to private day care center); H-520 (1975) (county contribution to livestock association).

### SUMMARY

Citations and warrants may not suggest to the party served that he may call a lawyer referral service for legal assistance.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath
David B. Brooks
Tom Bullington
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood